UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| LARRY WAYNE COLLINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:07-CV-444 |
| | ) | (VARLAN/SHIRLEY) |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This social security appeal is before the Court for consideration of objections by Plaintiff Larry Wayne Collins ("Plaintiff") [Doc. 15] to the report and recommendation filed by United States Magistrate Judge C. Clifford Shirley. [Doc. 14.] Magistrate Judge Shirley found that the Administrative Law Judge's ("ALJ") decision was supported by substantial evidence in the record as a whole and found that Plaintiff is not disabled and is capable of performing a significant number of jobs at any exertional level. Magistrate Judge Shirley recommended that Plaintiff's motion for summary judgment [Doc. 10] be denied and that Defendant Commissioner's motion for summary judgment [Doc. 12] be granted.

This Court considers only specific objections to the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). The Court is limited to determining whether the ALJ's decision was supported by substantial evidence and was

made pursuant to proper legal standards. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). The "substantial evidence" standard of judicial review requires that the ALJ's decision be accepted if a reasonable mind might accept the evidence in the record as adequate to support the ALJ's conclusions. *Smith v. Sec'y of Health & Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989) (citations omitted). If, under the substantial evidence standard, the ALJ's decision must be accepted, the standard prohibits this Court from inquiring whether the record could support a decision in the Plaintiff's favor. *Id.*

This Court, sitting to review the administrative decision on appeal, cannot try the case *de novo*, resolve conflicts in the evidence, or reverse the ALJ's decision on the ground that the Court might have reached a different conclusion. *Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987). As required by 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), this Court has now undertaken a *de novo* review of those portions of the report and recommendation to which Plaintiff objects. In considering the Plaintiff's objections to the magistrate judge's ruling, the Court has independently reviewed the entire record, including the report and recommendation, the administrative record, and all related filings. For the reasons that follow, Plaintiff's objections will be overruled.

**1.    Residual Functional Capacity**

Plaintiff first objects that the ALJ's residual functional capacity ("RFC") determination is not supported by substantial evidence. "An RFC is the assessment of the claimant's maximum remaining capacity to perform work-related activities despite the physical and mental impairments caused by [his] disability." *Hickey-Haynes v. Barnhart*,

116 F. App'x 718, 726 (6th Cir. 2004) (citation omitted).  In the present case, Plaintiff contends that the record indicates that his mental impairments are more severe and more limiting than determined by the ALJ.  Notably, the key inquiry for the Court is not whether the record would support a decision in Plaintiff's favor, but whether the ALJ's decision is supported by substantial evidence based on the record as a whole.  *Berry v. Comm'r of Soc. Sec.*, No. 07-4083, 2008 WL 3271255, at *2 (6th Cir. Aug. 8, 2008).  "Substantial evidence is a fairly low bar: more than a mere scintilla, yet enough that 'a reasonable mind might accept as adequate to support a conclusion.'" *Hickey-Haynes*, 116 F. App'x at 725 (quoting *Consol. Edison Co. of New York v. NLRB*, 305 U.S. 197, 229 (1938)).

In the present case, the Court finds that substantial evidence supports the ALJ's RFC determination.  In support of his RFC finding, the ALJ relied on Plaintiff's "conservative mental health treatment," as evidenced by treatment consisting primarily of medication and therapy.  (Tr. 20, 223-38).  The record also shows the effectiveness of these conservative treatment methods.  For instance, Plaintiff's treatment notes indicate "mood swings abated" and being "[g]enerally pleased with benefits of psychotropics." (Tr. 225, 231). Mental status examinations from April 24, 2006, and July 17, 2006, found: (1) Psychomotor - Calm; (2) Attitude - Cooperative; (3) Mood - Euthymic; (4) Affect - Good range; (5) Perception - No problems noted; and (6) Thoughts - Logical.  (Tr. 223, 225).  It is also noted that Plaintiff's Global Assessment of Functioning (GAF) score increased from 50 to an average of 60 and 65 during the course of his treatment.  (Tr. 223-38).  Thus, Plaintiff's mental health treatment records support the ALJ's findings regarding the severity of Plaintiff's mental impairments.

In support of his argument, Plaintiff relies largely on an evaluation by Alice Garland ("Ms. Garland"), Evaluation Specialist, on November 3, 2004. (Tr. 163). Plaintiff contends that the ALJ rejected the limitations noted by Ms. Garland in his decision and failed to provide an explanation for this "apparent rejection." [*See* Doc. 15 at 3.] In making this argument, Plaintiff relies on *Shelman v. Heckler*, 821 F.2d 316, 321 (6th Cir. 1987). In *Shelman*, the Sixth Circuit found an ALJ applied "an erroneous legal standard with respect to the opinions of plaintiff's treating physicians" when relying on a medical adviser's testimony regarding a claimant's need for an oxygen tank that was contrary to testimony of the claimant's treating physicians. *Id.* at 320-21. The Sixth Circuit found it necessary for the ALJ to "set forth some basis for rejecting these opinions." *Id.* at 321.

*Shelman* is distinguishable from the present case because the ALJ in the present case did not reject Ms. Garland's opinion. While *Shelman* involved directly contradicting medical opinions, the present case involves a question of whether certain limitations were properly considered by the ALJ. Upon reviewing ALJ's decision, those particular limitations were considered and included in the RFC assessment. The ALJ includes a thorough discussion of Ms. Garland's evaluation of Plaintiff, in which she found "no indication of a thought disorder." (Tr. 18, 165). Ms. Garland also discussed certain limitations in concentration and the ability to get along with others. (Tr. 168). Consistent with Ms. Garland's evaluation, the ALJ recognized that Plaintiff "would have moderate limitation in detailed instructions but still can do," is "able to interact with general public with some difficulty at times but still can

4

do," and should be limited to unskilled work. (Tr. 19, 22). Thus, the ALJ considered and incorporated Ms. Garland's opinions in making the RFC assessment.

Additionally, the ALJ's RFC determination took into account Plaintiff's own representations regarding his limitations. After considering the record as a whole, the ALJ determined that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." (Tr. 21). There is evidence in the record supporting the ALJ's credibility finding. As noted by Ms. Garland, Plaintiff cooked, visited with friends daily, went to the grocery store, and thought he got along well. (Tr. 166-68). Plaintiff also represented to Ms. Garland that he could work if his hernia were fixed and "if he could find a job that he liked and could get along." (Tr. 167). To the extent Plaintiff's representations are inconsistent with his testimony before the ALJ, the Sixth Circuit has recognized that, "[p]erhaps most persuasively, the ALJ [is] uniquely positioned to judge the credibility of [a claimant's] testimony." *Hickey-Haynes*, 116 F. App'x at 726-27. Because there is substantial evidence to support the ALJ's RFC determination and there is no other error warranting remand as to that step, the Court will overrule Plaintiff's first objection.

### 2. Medical-Vocational Guidelines

At the final stage of his analysis, the ALJ found:

> The claimant's ability to perform work at all exertional levels has been compromised by nonexertional limitations. However, these limitations have little or no effect on the occupational base of unskilled work at all exertional levels. A finding of "not disabled" is therefore appropriate under the framework of section 204.00 in the Medical-Vocational Guidelines.

5

(Tr. 22). In his objection, Plaintiff contends that the Defendant Commissioner failed to sustain the burden of establishing that there is other work in the national economy that Plaintiff can perform. In particular, Plaintiff contends that the ALJ erred by solely relying on the Medical-Vocational Guidelines (the "Grid") and by not obtaining the testimony of a Vocational Expert ("VE").

The Grid is employed in the final stage of the disability determination, "after it has been determined that the claimant has not met the requirements of a listed impairment but is nevertheless incapable of performing past relevant work." *Abbot v. Sullivan*, 905 F.2d 918, 926 (6th Cir. 1990). At this stage, the Defendant Commissioner bears the burden of demonstrating that Plaintiff retains the residual functional capacity to perform specific jobs existing in the national economy. *Id.* (citations omitted). The Defendant Commissioner "may rely on the Grid to demonstrate the availability of appropriate jobs if a claimant's limitations are exertional, or if a claimant has nonexertional limitations that do not significantly limit his or her ability to perform a full range of work at a specific exertional level." *Pena v. Comm'r of Soc. Sec.*, No. 98-1833, 1999 WL 775832, at *4 (6th Cir. Sept. 24, 1999). The Sixth Circuit has recognized that "before reaching the conclusion that the grid will not be applied because [of the alleged] nonexertional limitations, those limitations must be severe enough to restrict a full range of gainful employment at the designated level." *Mullins v. Sec'y of Health & Human Servs.*, 836 F.2d 980, 985 (6th Cir. 1987) (alteration in original) (emphasis removed). In other words, the key question is whether there is "sufficient evidence to support the ALJ's finding that there was no *significant* nonexertional impairment,

6

Case 3:07-cv-00444  Document 16  Filed 10/15/08  Page 6 of 8  PageID #: 80

i.e., one that would prevent [a claimant] from performing a full range" of work at all exertional levels. *Kimbrough v. Sec'y of Health & Human Servs.*, 801 F.2d 794, 797 (6th Cir. 1986) (emphasis in original). It should be noted that mere assertions of nonexertional limitations as well as minor nonexertional limitations are not enough to preclude application of the Grid. *Cole v. Sec'y of Health & Human Servs.*, 820 F.2d 768, 772 (6th Cir. 1987); *Clinker v. Apfel*, No. 99-4179, 2000 WL 1234325, at *2 (6th Cir. Aug. 22, 2000).

In the present case, there is substantial evidence to support the ALJ's determination that Plaintiff's nonexertional limitations were not significant. There is evidence that Plaintiff's mental problems were effectively treated with medication and therapy. (Tr. 223-38). Plaintiff's most recent mental status exams on record show no problems or positive indicators in the areas of appearance, psychomotor, attitude, mood, perception, and thoughts. (Tr. 223, 225). Other evidence indicates, at most, moderate limitations in the areas of social functioning, concentration, persistence, or pace. (Tr. 179). The ALJ's credibility finding as to some of Plaintiff's allegations further supports a determination that Plaintiff's nonexertional limitations failed to rise to the necessary level of significance. Because there is substantial evidence to support the ALJ's finding regarding nonexertional limitations, the ALJ did not err when relying on the Grid to determine that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." (Tr. 21). Accordingly, Plaintiff's second objection will be overruled.

7

Case 3:07-cv-00444 Document 16 Filed 10/15/08 Page 7 of 8 PageID #: 81

### 3. Conclusion

Finding no error in the report and recommendation, the Court will overrule Plaintiff's objections; accept the report and recommendation in whole; deny Plaintiff's motion for summary judgment; grant Defendant's motion for summary judgment; affirm the Defendant Commissioner's decision in this case denying Plaintiff's application for period of disability, disability insurance benefits and supplemental security income; and dismiss this case.

An order reflecting this opinion will be entered.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE